PER 'CURIAM.
On Dec. 26, 1953 -a “rule nisi” was issued in this matter directing the Hon. Warren W. Cornish, Judge of the 21st Judicial Court sitting in and for the Parish of Livingston to show cause on or before Jan. 18, 1954, why the relator herein, Department of Public Safety should not be granted a suspen-sive appeal on the- Judgment rendered in said cause on Nov. 2nd, which decreed that defendant, the Department of "Public Safety -of the State of Louisiana, and its Commissioner, Director, Agents, and employees thereof be permanently enjoined from putting into effec.t that .certain order of suspension, described in paragraph .three (3) of plaintiff’s petition, and from suspending *598 the driver’s license number La. 404495 of the petitioner, to operate a motor vehicle on the highways of the State of Louisiana, for the reasons described in that certain “suspension order” dated. October 15, 1953, and that they be further enjoined from taking from petitioner, Mavis Hughes, the within described driver’s license and automobile plate number La. 34 — 548.
Said order was signed on the authority of LSA-R.S. 13:4431 which provides that in any case where any district court has granted any restraining order, preliminary injunction, permanent injunction or other process which may restrain the execution or enforcement of any provisions of the Constitution or any Act, law or resolution of the Legislature of Louisiana, the defendant or defendants or any person or persons affected thereby may suspensively appeal the order or judgment to the Court of competent appellate jurisdiction.
In answer to the .above referred to order pur attention is directed to Act 52 of 1952, LSA-R.S. 32:851 et seq., dealing with reckless and irresponsible drivers from the highways, the subject matter under consideration in the aforesaid judgment of the district court, and particularly with Title II, Section 2 thereof from which we quote as follows:
“B. Any order or act of the commissioner, under the provisions of this Act, shall be subject to review by appeal to the district court of the parish of East Baton Rouge or by appeal to the district court of the domicile of appellant, provided an appeal is filed in the district court within thirty days from the effective dates of the order or act of the commissioner, at the instance of any party in interest.. The court shall determine whether the filing of the appeal shall operate as a stay of any such order or decision, of the commissioner. The court may, in disposing of the issue before it, modify, affirm or reverse the order or decision of the commissioner - in whole or in part.” -(Italics ours)
If the district court should grant - the Department of Public Safety a suspensive appeal from said order or judgment, it would, in fact, revoke its own order or judgment, after granting the injunction.
It appears to us from a study of the two acts that Act 52 of 1952 is a subsequent act and deals with a particular subject matter, whereas LSA-R.S. 13:4431 quoted above is a general statute, and that Act 52 of 1952 supersedes LSA-R.S. 13:443'1 on the subject matter involved in this litigation and should be controlling herein. Therefore since the 1952 Act specifically grants to the district court the power, authority and right to stay such orders of the commissioner we do not feel disposed to disturb same by malting the rule absolute-herein, but to the contrary do hereby revoke and recall our order and dismiss relator’s application.